IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROYAL WATER DAMAGE RESTORATION, INC. a/a/o 1133 COLUMBIA LLC | : : : | Civil Action No. |
| vs. | : : : | Jury Trial Demanded |
| STATE FARM FIRE AND CASUALTY COMPANY | : : | |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

Defendant, State Farm Fire and Casualty Company ("Defendant State Farm"), respectfully petitions for removal to this Court of a state civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support avers as follows:

1. Plaintiff, Royal Water Damage Restoration, Inc. a/a/o 1133 Columbia LLC filed a Complaint on December 13, 2021 against Defendant State Farm, which is pending in the Court of Common Pleas of Philadelphia County at No. 211200641. A copy of Plaintiff's Complaint is attached as Exhibit "A" and incorporated by reference.

2. After Defendant State Farm was served with Plaintiff's Complaint on or about December 20, 2021, Defendant State Farm ascertained that the damages being claimed exceed $75,000.00.

3. Plaintiff's Complaint contains two counts – the first appears to set forth a Breach of Contract claim and the second appears to set forth a claim under Pennsylvania's Bad Faith statute.

4. The *ad damnum* clause in the Breach of Contract claim demands judgment against "State Farm on Count One for:

    (a)    Compensatory damages not more than $50,000; and

    (b)    Pre-judgment interest and post-judgment interest."

5. The *ad damnum* clause in the Bad Faith claim demands judgment against "State Farm on Count Two for:

    (a) Interest on the amount of the claim from the date the claim was made by the Plaintiff/assignor in an amount equal to the prime rate of interest plus 3%;

    (b) Punitive damages; and

    (c) Court costs and attorney's fees."

6. Plaintiff's Complaint seeks incidental and consequential damages against Defendant State Farm. See Exhibit "A".

7. The state court where this action is pending is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district.

8. At the time of the filing of this action, Plaintiff's principal place of business was located at 1923 Fairview Avenue, Willow Grove, Pennsylvania and a citizen of Pennsylvania. See Exhibit "A" at ¶ 4.

9. Defendant State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois and is therefore a citizen of a state other than Pennsylvania. See Exhibit "A" at ¶ 2.

10. Consequently, the amount in controversy in this matter is in excess of the sum of $75,000.00, exclusive of interest and costs, such that the amount in controversy and the diversity requirements for federal diversity jurisdiction are satisfied and this court now has jurisdiction over this subject matter under and pursuant to 28 U.S.C. § 1332.

11. As recognized by the Honorable Norma Shapiro for the United States District Court for the Eastern District of Pennsylvania in the case of Wash v. State Farm Fire & Casualty Company, No. 91-4438 (E.D. PA 1991), "because Plaintiffs' stated a claim for punitive damages, it is not 'beyond a legal certainty' that the amount in controversy will be below

$50,000.00", which was the diversity requirement at the time of Judge Shapiro's Order in Wash, supra. A copy of Judge Shapiro's Order is attached hereto as Exhibit "B" and is incorporated herein by reference.

12. Judge Juan R. Sánchez of the United States District Court for the Eastern District of Pennsylvania in Palmieri v. Allstate Insurance Company, Docket No. 06-4681 (December 4, 2006) held that "a 'reasonable reading of the rights being litigated,' *Angus v. Shiley Inc.* 989 F.2d 142,145 (3d Cir. 1993), in this case suggests the disputed amount of more than $22,000, a bad faith claim with punitive damages, attorney's fees and costs could easily exceed $75,000." Judge Sánchez's December 4, 2006 Order is attached as Exhibit "C" and incorporated by reference.

13. Defendant State Farm first ascertained the amount in controversy upon receipt of Plaintiff's Complaint on or about December 20, 2021.

14. This Notice is filed within thirty (30) days of Defendant State Farm's first indication that the damages could exceed $75,000.00.

**WHEREFORE,** Defendant, State Farm Fire and Casualty Company respectfully requests that because the statutory requirements have been met, the pending state action be removed to this Court.

Respectfully submitted,

By: _____
Thomas L. Mueller, Esquire
Attorney I.D. No. 308672
Curtin & Heefner LLP
1040 Stony Hill Road, Suite 150
Yardley, PA 19067
215-736-2521

Dated: January 18, 2022

## AFFIDAVIT

I, Thomas L. Mueller, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice for Removal; that I have been duly authorized by the Petitioner to execute this Affidavit; that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice for Removal are true and correct to the best of my knowledge, information and belief.

_____
Thomas L. Mueller, Esquire

2617079.1/56874