IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL WATER DAMAGE RESTORATION, INC. a/a/o 1133 COLUMBIA LLC, *Plaintiff,* | CIVIL ACTION NO. 22-201 |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, *Defendant.* | |

**PAPPERT, J.**                                                                                  June 29, 2022

**<u>MEMORANDUM</u>**

State Farm Fire and Casualty Company insured 1133 Columbia LLC's property. Royal Water Damage Restoration performed mitigation, remediation and drying services after a water line burst, damaging the property. 1133 Columbia subsequently assigned its rights under the State Farm policy to Royal Water, which sued State Farm for breach of contract and statutory bad faith in the Philadelphia County Court of Common Pleas. (Compl., ECF 1-5.) State Farm removed the case pursuant to 28 U.S.C. § 1332 and moves to dismiss the bad faith claim, arguing Royal Water lacks standing to pursue it. (ECF 3.) The Court denies the motion.

I

1133 Columbia "sustained a water loss to multiple units" at its property around December 24, 2020. (Compl, ¶ 9.) State Farm insured it for direct, sudden and accidental physical loss of or damage" to the property. (*Id.* ¶ 8.) Following the water line break, 1133 Columbia submitted a timely claim to State Farm, which sent an

adjuster to evaluate the damage. (*Id.* ¶ 10-11.)

Royal Water performed work to restore the property between December 2020 and February 2021. (*Id.* ¶ 13.) It "made State Farm aware of the affected areas from the burst water line, as well as its positive microbial findings from its air and surface testing." (*Id.* ¶ 33.) "State Farm initially agreed with the scope of" Royal Water's work and the restoration company ultimately billed State Farm $165,012.32 for its services. (*Id.* ¶¶ 14, 34.)

Notwithstanding State Farm's prior approval of the scope of work, it sent Royal Water's invoices for an outside audit. (*Id.* ¶ 36.) A third-party vendor prepared "its own comparative estimate," although it did not do an on-site inspection of the property before Royal Water completed the mitigation. (*Id.* ¶ 37.) Royal Water alleges the vendor's "estimate for drying goals" was "an arbitrary number of days" and not "based on objective calculations as required by the Institute of Inspection Cleaning and Restoration Certification standards . . . ." (*Id.* ¶ 38.) Although Royal Water told State Farm three times that the third-party estimate did not comply with IICRC standards, State Farm paid Royal Water based on the estimate. (*Id.* ¶ 41.)

Royal Water alleges it has not been reimbursed "for the proper dry-out time and equipment" used at 1133 Columbia's property. (*Id.* ¶ 17.) It asserts State Farm continues to refuse to pay for all covered losses stemming from the water line break and claims it has not been paid approximately $45,000 for the reasonable expenses it incurred for its services because of State Farm's gross underestimate of the extent of damage. (*Id.* ¶¶ 15-16, 43.)

On December 10, 2021, 1133 Columbia "assigned any and all of its rights,

benefits and causes of action" under its State Farm policy to Royal Water "to the extent [the restoration company] provided services" at the property. (*Id.* ¶ 5.) Royal Water alleges it is 1133 Columbia's "creditor" because of "State Farm's wrongful refusal to pay" its "reasonable expenses" for its services, although it does not allege there is an outstanding judgment for any unpaid amount. (*Id.* ¶ 18.)

II

State Farm contends Royal Water lacks standing to pursue the statutory bad faith claim. Standing requires: (1) an injury in fact; (2) that is fairly traceable to the defendant's challenged action; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). Although State Farm relies on Federal Rule of Civil Procedure 12(b)(6) (Def.'s Mem., ECF 3-2 at 2-3), Rule 12(b)(1) governs its motion because "[s]tanding is a jurisdictional matter." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *see also Liberty Mut. Fire Ins. Co. v. Harleysville Worcester Ins. Co.*, 524 F. Supp. 3d 462, 467 (E.D. Pa. 2021) (construing motion to dismiss for lack of standing as a Rule 12(b)(1) motion).

Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *Davis*, 824 F.3d at 346. A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and [ ] requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting

*Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).

The jurisdictional challenge here is facial. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977) ("A factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted."). "[T]he standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska*, 462 F.3d at 299 n.1 (citation omitted). Royal Water's Complaint must include "'sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III

Pennsylvania's bad faith statute allows a court to award interest, punitive damages, costs and attorney's fees when an "insurer has acted in bad faith toward the insured . . . ." 42 Pa. Cons. Stat. § 8371. Not all plaintiffs have standing to bring a bad faith claim. *Williams v. State Farm*, No. 21-0058, 2021 WL 2661615, at *3 (E.D. Pa. Jun. 29, 2021). Royal Water contends it does as 1133 Columbia's assignee of "any and all of its rights, benefits and causes of action" under the State Farm policy. (Compl. ¶ 5.) However, the bad faith statute "says nothing" about assignability. *Allstate Prop. & Cas. Ins. Co. v. Wolfe*, 105 A.3d 1187 (Pa. 2014).

In *Wolfe*, the Pennsylvania Supreme Court accepted certification from the Third Circuit Court of Appeals to clarify whether, under Pennsylvania law, "an insured may assign the right to recover damages from his insurance company deriving from the insurer's bad faith toward the insured." *Id.* at 1181; *see also Allstate Prop. & Cas. Ins.*

4

*Co. v. Wolfe*, 90 A.3d 699 (2014). The Pennsylvania Supreme Court concluded an insured could do so. *Wolfe*, 105 A.3d at 1188.

Jared Wolfe was injured when the car he was driving was hit from behind by a car driven by Karl Zierle, who was intoxicated. *Id.* at 1182. Zierle's insurer, Allstate, disclaimed any obligation to indemnify Zierle for a punitive damages award. *Id.* A jury awarded Wolfe $15,000 in compensatory and $50,000 in punitive damages. *Id.* Allstate paid the compensatory damages and Wolfe agreed not to execute against Zierle the punitive damages portion of the judgment in exchange for an assignment from Zierle of all claims he may have against Allstate. *Id.*

Relying on the assignment, Wolfe sued Allstate in a second proceeding, alleging Allstate's refusal to settle the prior case constituted bad faith. *Id.* Allstate removed the case to federal court and moved for summary judgment, arguing Wolfe lacked standing to pursue a claim under Section 8371. *Id.* at 1182-83. The District Court denied the motion, the case went to trial and the jury awarded Wolfe $50,000 in punitive damages. *Id.* at 1183. Allstate appealed and the Third Circuit asked the Pennsylvania Supreme Court to weigh in. Based on its interpretation of Section 8371, the Supreme Court held damage claims under the statute "may be assigned by an insured to an injured plaintiff and judgment creditor such as Wolfe." *Id.* at 1188. State Farm thus contends an assignee of a bad faith claim must be both "injured" and a judgment creditor and that Royal Water lacks standing because it is not injured with respect to the underlying insurance claim "and is not a creditor to any judgment related to the underlying water loss." (Def's Mem., ECF 3-2 at 3, 6.)

State Farm's interpretation of the Pennsylvania Supreme Court's holding in

5

*Wolfe* is inconsistent with the broader reasoning behind it. When the bad faith statute was enacted, the Supreme Court had allowed assignments of bad faith claims "for almost twenty-five years." *Id.* It did not believe the legislature intended to change the practice because, as drafted, Section 8371 does not specifically bar assignments. *Id.* at 1188. Allowing insureds to assign their bad faith claims serves the statute's "aim of deterrence" and does not encourage plaintiffs to "pursue unreasonable settlement demands" or claims that otherwise never would have been pursued. *Id.* at 1184-85.

Applying the principles of statutory construction, the Supreme Court concluded that the Pennsylvania General Assembly designed the statute to permit the "supplementation of the redress available for bad faith on the part of insurance carriers in relation to their insureds" without curtailing "assignments of pre-existing causes of action in connection with settlements or splitting of actions." *Wolfe*, 105 A.3d at 1188. In fact, the Supreme Court invited the General Assembly to change the statute if its interpretation was incorrect. *Id.* While it then applied this reasoning to its description of Wolfe as an injured judgment creditor on the facts of the underlying case, the Supreme Court's interpretation of the statute was that the General Assembly contemplated broader assignment rights.

To support its narrower interpretation of *Wolfe*, State Farm relies on the Third Circuit's statement in *Feingold v. Palmer & Barr* that *Wolfe* did "not extend permission" to assign statutory bad faith claims "beyond assignments 'to an injured plaintiff and judgment creditor.'" *Feingold v. Palmer & Barr*, 831 F. App'x 608, 609 (3d Cir. 2020); *see* (Def.'s Mem., ECF 3-2 at 5.). *Feingold* is not binding authority, nor is it on point. The Court of Appeals affirmed the District Court's finding that

6

Feingold lacked standing to bring a bad faith suit because the disbarred-attorney plaintiff did not have a valid assignment of his former client's bad faith claim. *Feingold v. Palmer & Barr*, 831 F. App'x 608, 609 (3d Cir. 2020). In contrast, Royal Water has sufficiently alleged it holds a valid assignment from 1133 Columbia.

Even if *Wolfe* limits assignment to "injured" third parties, Royal Water has plausibly alleged it "has actually sustained injury" from State Farm's conduct and is not "an uninterested party to the insurance claim" pursuing litigation just "to create an economic benefit to it." (Pl.'s Resp., ECF 4 at 3.) Royal Water seeks to recover for State Farm's refusal to pay "expenses it incurred for its services at the insured premises relative to the covered loss." (Compl., ECF 1-5, ¶ 16.) Allowing Royal Water to stand in 1133 Columbia's shoes serves "the salutary purposes of encouraging good faith settlement negotiations, and punishing insurance carrier abuse." *Wolfe*, 105 A.2d at 1186.[1]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] *Williams*, cited by State Farm is different. (Def.;s Mem., ECF 3-2 at 4.) Royal Water alleges it was assigned more than 1133 Columbia's insurance proceeds from the December 2020 water loss; it was "assigned any and all of [1133 Columbia's] rights, benefits and causes of action" under its State Farm policy "to the extent [the restoration company] provided services" at the property. (Compl., ECF 1-5, ¶ 5.) In *Williams*, the plaintiff merely purchased an assignment of proceeds from a property owner who suffered fire damage before seeking to pursue a claim against State Farm under Section 8371. *Williams*, 2021 WL 4099534, at *1. He did not allege he was in any way "an injured plaintiff with respect to the underlying insurance claim." *Id.* at *4. An assignment of proceeds alone is "insufficient to confer standing" to bring a statutory bad faith claim. *Id.*